JOURNAL ENTRY AND OPINION
This is an appeal from a sentence imposed by Judge Mary Jane Boyle on the basis of denial of due process. Appellant Michael Morrissey claims he has served his eight-month sentence after he pleaded guilty to a fifth degree felony and cannot be subject to post-release control because he was not advised at the time of his plea nor at the time of his sentencing that he could be placed under such restrictions. Because post-release control was not part of his sentence, the Adult Parole Authority cannot impose such control after he has served his term of imprisonment. Post-release control is discharged.
On September 30, 1997, Morrissey, then age 52 years, pleaded guilty to a fifth degree felony count of possession of heroin, in violation of R.C. 2925.11. During that hearing and before accepting the plea, the judge advised him of the bad-time provisions of R.C. 2967.11 as follows:
 THE COURT: Do you understand if you are sentenced to prison, and if while you are there you commit a crime or an offense, the Parole Board can increase your prison term up to 50 percent of any sentence originally imposed?
MR. MORRISSEY: Yes.
She did not, however, advise Morrissey that, should he be sentenced to prison, a parole board could impose sanctions, including a new prison term, for violation of any discretionary post-release control it could levy on him.
The record contains a written guilty plea form dated September 30, 1997, signed by Morrissey, his attorney, the prosecuting attorney, and the judge, setting out the specifics of Morrissey's plea and including the following boilerplate language:
 I know any prison sentence imposed will be the term served without good time credit. If I commit a crime in prison, the parole board can increase my prison time up to 50% of my stated term in increments of 15, 30, 60, or 90 days. After release, I may/will be subjected to (3-5) years of post-release control. During that time the parole board could order me returned to prison for up to nine months for each violation of those conditions, up to a total of up to [sic] 50% of my stated term.
Post-release control was not included on the first page as a possible consequence of this plea.[1]
On November 3, 1997, the judge sentenced Morrissey to eight months in prison but made no mention of post-release controls under R.C. 2967.28, although required to do so by R.C. 2929.19. The journal entry filed November 6, 1997, however, stated: The court imposes a sentence of 8 months. The sentence includes any extension provided by law.
Morrissey began serving his sentence on November 6, 1997 and, while in prison, was notified he was going to be subjected to post-release control. Upon his release in July of 1998, he claims he was placed on three years of post-release control. On July 27, 1998, Morrissey, pro se, filed a motion for a delayed appeal, which this court denied. After the decision in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported,[2] in which we found post-release control unconstitutional, Morrissey filed a second motion for leave to appeal which this court granted.
Before addressing Morrissey's assignments of error, we briefly address the dissent's contention that App.R. 5(A) specifically states that a party may request leave to file a delayed appeal only once. Not only does the rule's language fail to state any such thing, the dissent's authority reaches the very different issue of whether a party may prosecute two appeals from the same case. A motion for leave to appeal is not itself the prosecution of an appeal. The record indicates neither the reasons for denying Morrissey's first motion for leave to appeal nor the reasons for granting his second motion. The dissent engages in pure speculation when it states that this court inadvertently granted leave to appeal without being aware that a prior motion for leave had been filed. This court previously has granted leave based on successive motions, and has never suggested adoption of the dissent's construction of App.R. 5(A). See State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731, unreported; State v. Cox (Apr. 2, 1981), Cuyahoga App. No. 42830, unreported. The State had the opportunity to oppose the motion for leave to appeal, but did not, and nothing in the record or the law indicates the panel exceeded its authority in granting the second motion for leave.
Morrissey raises two assignments of error:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SUBJECTED TO POST-RELEASE CONTROL FOR A FELONY OF THE FIFTH DEGREE.
Here Morrissey contends that, based upon this court's opinion in State v. Jones, supra, subjecting a criminal defendant to post-release control is unconstitutional. Jones was reversed on the authority of Woods v. Telb (2000), 89 Ohio St. 504, 733 N.E.2d 1103 on August 3, 2000. Because the Ohio Supreme Court has held that R.C. 2967.28 does not violate the separation of powers doctrine or the due process clauses of the United States or Ohio Constitutions, this assignment of error is without merit.
Morrissey's second assignment of error states:
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT INFORMED BY THE COURT THAT HE COULD BE SUBJECTED TO POST-RELEASE CONTROL.
Morrissey claims that because the judge failed to inform him of the post-release control sanctions at his plea or at sentencing, his guilty plea was not knowing and voluntary and his sentence is infirm. He maintains that the violation of the mandates of R.C. 2943.032 and R.C.2929.19(B)(3)(d) requires that his sentence be vacated and set aside.
In response, the State fails to address either R.C. 2943.032 or 2929.19(B)(3)(d), but instead argues that Morrissey's plea is valid because it substantially complies with Crim.R. 11(C). The State cites this Court's decision in State v. Moore (Aug. 27, 1998), Cuyahoga App. No. 73899, unreported, as holding that Crim.R. 11(C) does not require a judge to inform a defendant of the possibility of post-release control sanctions prior to accepting a guilty plea. Moore, however, does not address the provisions of R.C. 2943.032, and any deficiencies during the sentencing hearing were not specified as an assignment of error. Additionally, the recent Woods v. Telb decision would restrict Moore to its unique facts and, therefore, it is unpersuasive.
 Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. Woods, supra, paragraph two of the syllabus.
The appeal in Woods centered on whether R.C. 2967.28 could withstand constitutional scrutiny and, because the Ohio Supreme Court found that the terms of post-release control were part of the judge's originally imposed sentence, there was no violation of the separation of powers doctrine.[3]
In the case sub judice, however, this issue centers on whether post-release control was ever part of the plea or the original judicially imposed sentence. The clear mandate of R.C. 2943.032 states:
 Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
* * *
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months. (Emphasis added.)
Because 2943.032(E) requires a judge to inform a defendant of the possible consequences of violating a post-release control sanction, it necessarily follows that a judge must actually inform the defendant of the existence of post-release controls. Even a recitation of the statutory provision would at least make a defendant aware of the term post-release control and thereby stimulate his curiosity. The judge did not personally inform Morrissey[4] of the penalty/sanction for violation of possible post-release controls before he entered his guilty plea.
Contrary to the mandates of R.C. 2929.19(B) (3)(d), and Woods, supra. Morrissey was not informed, during sentencing, that he may be subject to a definite period of post-release control nor the possibility of sanctions, including prison, available for violation of such control(s)
Although it failed to address the deficiencies in Morrissey's sentencing and, apparently, agrees that the judge did not follow the provisions of R.C. 2929.19, the State suggest we look to Crim.R. 11 and find substantial compliance. We decline the invitation and choose to follow the statutory and constitutional mandates. Crim.R. 11 does not apply to sentencing.
Because Morrissey sought to void his plea only on the basis of the existence of post-release controls, we need not vacate his plea. We find that post-release control was not part of Morrissey's sentence and it is, therefore, a violation of the separation of powers doctrine for the Adult Parole Authority to impose any such control after Morrissey completed his sentence of imprisonment. This assignment of error is well taken.
Post-release control discharged.
It is ordered that the appellant recover from the appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ ANNE L. KILBANE, J.
DIANE KARPINSKI, J., CONCUR; TERRENCE O'DONNELL, P.J., DISSENTS (SEE SEPARATE OPINION).
[1] * * * a maximum basic prison term could be up to 12 months * * * a maximum possible fine of $2,500 * * * $27.00 to be forfeited + heroin * * * revocation or suspension of Ohio Driver's License for 60 months.
[2] Discretionary appeal allowed, 88 Ohio St.3d 1414, 723 N.E.2d 120, reversed, 89 Ohio St.3d 519, 733 N.E.2d 1115.
[3] The record clearly indicated that the defendant was advised of discretionary post-release control at the time of his plea and sentencing.
[4] The State has offered no argument that the written form satisfies this requirement, and we reject the notion because the form obviously is not evidence that the court personally informed Morrissey of its contents. The form itself failed to specify which of the options applied to Morrissey (may/will be subjected to (3-5) years of post-release control.)